IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NAOMI LAYCOCK,**

      **Plaintiff,**

v.                                                                                      No. 23-CV-01050-JCH-JFR

**JESSICA VIGIL-RICHARDS, NICOLETTE GARCIA, LAURA SEDILLO, HOBERT SHARPTON, and the NEW MEXICO CORRECTIONS DEPARTMENT,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendants Jessica Vigil-Richards, Nicolette Garcia, and New Mexico Corrections Department's ("NMCD") (collectively, the "NMCD Defendants") Motion to Amend/Correct NMCD Defendants' Answer to Plaintiff's Amended Complaint **(ECF No. 80)**. For the reasons stated herein, the Court will grant the motion.

## Background

Plaintiff Naomi Laycock brought suit against the above-captioned Defendants alleging violations of her civil rights committed during her incarceration at the Western New Mexico Correctional Facility ("WNMCF"). WNMCF is operated by NMCD, and Defendants Nicolette Garcia and Jessica-Vigil Richards were employed by NMCD at WNMCF during times relevant to the Complaint.

The NMCD Defendants have filed a Motion to Amend Defendants' Answer to Plaintiff's Amended Complaint on behalf of Defendant Garcia. At present, the NMCD Defendants' Answer does not indicate that it is filed on behalf of Defendant Garcia. *See* NMCD Defs.' Answer 1, ECF No. 49 ("COMES NOW, Defendants Jessica Vigil-Richards and the New Mexico Corrections Department ("NMCD Defendants") . . . ."). The NMCD Defendants assert that they intended to include Defendant Garcia in the Answer, but unintentionally omitted her name due to a typographical error.

Plaintiff initially filed her Complaint naming "Jane Doe Garcia," a corrections officer, as a Defendant. *See* Compl. 1, ECF No. 1. Later, Plaintiff amended the Complaint to name Nicolette Garcia as a Defendant instead of Jane Doe Garcia. *See* Am. Compl. 1, ECF No. 43. In response, Defendant Garcia gave Counsel for the NMCD Defendants permission to accept service on her behalf.[1] *See* Mot. 1, ECF No. 80. Accordingly, Counsel for the NMCD Defendants filed a Waiver of Service on behalf of Defendant Garcia. *See* Waiver of Service, ECF No. 48. On the same day, Defense Counsel filed the Answer to the Amended Complaint, which they claim was intended to be on behalf of all NMCD Defendants including Defendant Garcia. *See* Answer 1, ECF No. 49; Mot. Ex. A, at 1, ECF No. 80-1 (bill from Defense Counsel reflecting that Amended Answer was revised immediately following discussion with Nicolette Garcia). The NMCD Defendants contend that this timeline supports the theory that the Amended Answer was filed in response to Plaintiff naming Nicolette Garcia as a Defendant, and it was only because of an error that the Amended Answer does not state that it was filed on Defendant Garcia's behalf.

---

[1] This was the last time that Defense Counsel spoke with Defendant Garcia. Defendant Garcia has since ceased all communication with Defense Counsel. Accordingly, Defense Counsel has also filed a Motion to Withdraw as Counsel for Nicolette Garcia (ECF No. 79) due to the complications her refusal to cooperate have caused.

Accordingly, the NMCD Defendants ask that the Court allow them to file an amended answer noting that the answer is submitted on behalf of Defendant Garcia. Plaintiff opposes the motion, arguing that the requested relief would cause undue delay and complications considering that Defendant Garcia has been absent from the litigation and that Defense Counsel has filed a Motion to Withdraw as Counsel for Defendant Garcia.

## **Discussion**

Motions to amend pleadings prior to trial are governed by Federal Rule of Civil Procedure 15. *Seale v. Peacock*, 32 F.4th 1011, 1029 (10th Cir. 2022). A party may amend its pleading only with the opposing party's written consent or leave from the court. Fed. R. Civ. P. 15(a). A court should freely grant leave to amend when justice so requires. *Id.*; *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018). "Indeed, Rule 15(a)'s purpose is 'to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Id.* (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).

The Court will grant the NMCD Defendants' Motion to Amend. Plaintiff does not dispute that Defendant Garcia was omitted from the Amended Answer because of a typographical error; rather, Plaintiff is concerned about Defense Counsel amending the Answer while Defendant Garcia is absent from the lawsuit and with Defense Counsel's Motion to Withdraw pending before the Court. But the Court does not share Plaintiff's concern that granting leave to amend would cause undue delay or complications because of Defense Counsel's pending Motion to Withdraw. The Court is confident that the NMCD Defendants can file an amended answer quickly—before any ruling on Defense Counsel's Motion to Withdraw—and without complication, considering the simple nature of the amendment. Accordingly, justice requires that the NMCD Defendants be allowed to amend the Answer to include Defendant Garcia.

4

**IT IS HEREBY ORDERED** that the NMCD Defendants' Motion to Amend/Correct NMCD Defendants' Answer to Plaintiff's Amended Complaint **(ECF No. 80)** is **GRANTED**. It is **FURTHER ORDERED** that the NMCD Defendants are to file their amended answer as soon as possible, but by no later than **January 24, 2025**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**