IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NAOMI LAYCOCK,**

    **Plaintiff,**

v.                                                                     No. 23-CV-01050-JCH-JFR

**JESSICA VIGIL-RICHARDS, NICOLETTE GARCIA, LAURA SEDILLO, HOBERT SHARPTON, and the NEW MEXICO CORRECTIONS DEPARTMENT,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Nicolette Garcia's Counsel's *Motion to Withdraw as Attorney for Defendant Garcia* **(ECF No. 79)** and Plaintiff Naomi Laycock's *Opposed Motion to Compel Discovery Against Defendant Nicolette Garcia* **(ECF No. 83)**. After careful consideration of the motions, briefs, and relevant law, the Court will grant both the Motion to Withdraw as Attorney for Defendant Garcia and Plaintiff's Opposed Motion to Compel Discovery Against Defendant Nicolette Garcia.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brought suit against the above-captioned Defendants alleging violations of her civil rights committed during her incarceration at the Western New Mexico Correctional Facility ("WNMCF"). WNMCF is operated by the New Mexico Corrections Department ("NMCD").

Defendant Garcia was employed by NMCD at WNMCF during times relevant to the Complaint. Plaintiff sued Defendant Garcia in her individual capacity.

Plaintiff filed her Complaint on November 22, 2023. Counsel for Defendant Garcia has not been able to establish contact with Defendant Garcia since Defendant Garcia gave counsel permission to accept service on her behalf sometime between May 21, 2024, and June 11, 2024. Counsel has made numerous attempts to contact Defendant Garcia at various locations and addresses, including her home address, email address, cell phone number, and office phone number, to no avail. Counsel even hired a private investigator to confirm that those addresses were correct, and that Defendant Garcia is working at a restaurant nearby. Now, counsel for Defendant Garcia wishes to withdraw from further representation of Defendant Garcia due to her cessation of communication and cooperation with counsel.

Relatedly, Defendant Garcia has not responded to Plaintiff's discovery requests submitted on June 28, 2024. Counsel for Defendant Garcia stipulated that Plaintiff's counsel has in good faith conferred or attempted to confer with Defendant Garcia in an effort to obtain discovery without court action as required by Federal Rule of Civil Procedure 37(a)(1). Plaintiff has since filed a Motion to Compel Discovery against Defendant Garcia.

## II. MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT GARCIA (ECF No. 79)

Counsel for Defendant Garcia asks the Court to allow it to withdraw from further representation of Defendant Garcia due to her cessation of all communication and cooperation

with counsel.[1] Defense counsel asserts that it is no longer able to fulfill its duties as counsel to Defendant Garcia. In opposition, Plaintiff contends that allowing defense counsel to withdraw would needlessly complicate the case considering the other pending motions, including the Motion to Compel Discovery and Plaintiff's forthcoming motion for default judgment. Further, Plaintiff asserts that it is not in Defendant Garcia's interests to be without legal representation while Plaintiff seeks default judgment against her.

Typically, the Court has wide discretion to grant or deny an attorney's motion to withdraw as counsel. *See Abell v. Babbitt*, No. 98-2315, 1999 WL 215403, *2 (10th Cir. April 14, 1999) (unpublished) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Attorneys are expected to represent their clients through the completion of a case and may only withdraw by leave of the court upon a showing of good cause. *Leaton v. Navajo Refinery*, No. 09-cv-382, 2011 WL 13262486, at *2 (D.N.M. Feb. 24, 2011).

The Court finds that communication and cooperation have broken down between defense counsel and Defendant Garcia and that there is good cause to allow defense counsel to withdraw from representation. The Court does not find that any special prejudice would be created by the withdrawal. While true that defense counsel's withdrawal might complicate the administration of the litigation, this concern does not outweigh the issue created by Defendant Garcia's complete refusal to engage with defense counsel, especially considering the prejudice it may cause defense counsel's other clients in this matter—Jessica Vigil-Richards and NMCD. Defense counsel cannot

---

[1] As required by the District of New Mexico Local Rules, defense counsel gave notice in its Motion that Defendant Garcia had 14 days from the date of service of the motion to serve and file her own objections. D.N.M. LR-Civ. 83.8(b). Because Defendant Garcia did not serve and file objections, she is considered to have consented to the granting of the motion. *Id.*

be expected to continue representing a client that refuses to cooperate or even engage with counsel in any meaningful way. Accordingly, the Court will grant the Motion to Withdraw.

### III. MOTION COMPELLING DISCOVERY AGAINST DEFENDANT NICOLETTE GARCIA (ECF No. 83)

Federal Rule of Civil Procedure 37 allows a party to move the Court to compel a response from a party where the party has failed to answer an interrogatory or request for production. Fed. R. Civ. P. 37(a)(1). Here, Defendant Garcia has absented herself from this litigation and failed to respond to Plaintiff's discovery requests.[2] Further, Plaintiff's counsel has attempted to confer with Defendant Garcia in an effort to obtain discovery without Court action, as required by Federal Rule of Civil Procedure 37(a)(1). Accordingly, the Court will grant the motion and order Defendant Garcia to participate in discovery.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Garcia's Counsel's *Motion to Withdraw as Attorney for Defendant Garcia* **(ECF No. 79)** and Plaintiff's *Opposed Motion to Compel Discovery Against Defendant Nicolette Garcia* **(ECF No. 83)** are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Garcia respond to Plaintiff's discovery requests submitted on June 28, 2024, within 30 days of the entry of this order.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In its Response, counsel for Defendant Garcia does not dispute that Defendant Garcia has not responded to discovery requests and notes that it was unable ascertain Defendant Garcia's position on the Motion. Because counsel cannot ethically consent to an order adverse to its client without its client's position, counsel does not respond on Defendant Garcia's behalf but rather simply refers to the undisputed facts in Plaintiff's Motion.