**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

NAOMI LAYCOCK,

Plaintiff,

v. Case No.: 1:23-cv-01050-JCH-JFR

JESSICA VIGIL-RICHARDS,
NICOLETTE GARCIA, HOBERT SHARPTON,
NEW MEXICO CORRECTIONS DEPARTMENT,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**THIS MATTER** is before the Court on Plaintiff Naomi Laycock's Motion for Default Judgment Against Defendant Nicolette Garcia. Doc. 116 ("Motion"). Having considered the Motion, the relevant law, and being otherwise fully informed, the Court will **GRANT** the Motion and enter a default judgment against Garcia.

## BACKGROUND

On November 22, 2023, Laycock filed her Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights against Defendants Jessica Vigil-Richards, Jane Doe Garcia, Laura Sedillo, Hobert Sharpton, and the New Mexico Corrections Department ("NMCD"). Doc. 1. About six months later, Laycock filed her amended complaint ("FAC") and added Nicolette Garcia as a Defendant in place of Jane Doe Garcia. *See* Doc. 43 at 1, 2 ¶ 6. Garcia waived service of the FAC and summons, and her defense counsel accepted service on her behalf. Doc. 48 at 1. Thereafter, discovery began in earnest.

On June 28, 2024, Laycock sent Garcia an initial set of discovery requests which Garcia's counsel relayed via e-mail. *See generally* Doc. 55; *see also* Doc. 79 at 2. Garcia never responded.

Doc. 79 at 2. Garcia's counsel tried to contact her multiple times, but each attempt was to no avail. *Id.* (recounting phone calls, e-mails, and letters). It soon became apparent that no one could communicate with Garcia—she had left her position with the NMCD, did not share updated contact information with NMCD's Human Resources department, and her former coworkers had no way to contact her. *Id.* Garcia's counsel eventually hired a private investigator "to confirm that [her] addresses were correct, and that Defendant Garcia [was] working at a restaurant nearby." Doc. 110 at 2. Despite that investigation and further attempts to communicate, Garcia still did not respond. Doc. 79 at 2.

Eventually, due to Garcia's lack of communication and cooperation with her lawyers, her defense counsel filed their Motion to Withdraw as Attorney for Defendant Garcia. *See generally* Doc. 79. Two weeks later, Laycock filed her Motion Compelling Discovery against Defendant Nicolette Garcia. Doc. 83. In its subsequent Memorandum Opinion and Order, the Court granted both motions and imposed a deadline of March 26, 2025, for Garcia to respond to Laycock's discovery requests. Doc. 110 at 4 ("Discovery Order"). That deadline passed without a response.

To date, Garcia has not participated in this litigation since she was served. Consequently, under Federal Rule of Civil Procedure 37(b)(2)(A)(vi), Laycock moves for a default judgment against Garcia as a sanction for failing to obey the Court's Discovery Order. Doc. 116.

**DISCUSSION**

In general, under Rule 37(b), a federal court may render sanctions against a party who disobeys a court order. *See* Fed. R. Civ. P. 37(b)(1) (providing that a court may treat a party's failure to respond to the Court's order regarding discovery "as contempt of court"). If a party disobeys a discovery order, a district court may impose one of seven sanctions, including "a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); *see* Fed. R. Civ. P.

37(b)(2)(A)(i)-(vii). This "harsh sanction" is apt "when a party's noncompliance is due to willfulness, bad faith, or any fault of the disobedient party," as opposed to their inadvertence or inability to comply. *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (text only). While a party need not prove wrongful intent, the Court still contemplates "the culpability of the offending party" alongside "a number of other factors." *EBI Sec. Corp. v. Net Command Tech, Inc.*, 85 F. App'x 105, 108 (10th Cir. 2003). These factors include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Laycock argues each factor weighs in favor of entering a default judgment because Garcia has purposely removed herself from this litigation in bad faith. Doc. 116 at 3. The Court agrees.

At this stage, no party or counsel have been able to contact Garcia for over a year. There is no indication on the record that this has changed, or will change, in the near future. As a result, Laycock has been unable to receive pertinent discovery. *See* Doc. 116 at 4 (Laycock asserting "Garcia is a central Defendant in this lawsuit" and she "cannot competently litigate this lawsuit without Defendant Garcia's participation"). In this way, Garcia's conduct has prejudiced Laycock. *See, e.g.*, *Villa v. Dona Ana Cnty.*, No. CV 09-0976, 2011 WL 13291099, at *14 (D.N.M. Aug. 25, 2011), *aff'd*, 500 F. App'x 790 (10th Cir. 2012) (finding the plaintiff's "lackadaisical and dismissive approach to discovery" contributed to "delay, expense, and doubt" that substantially prejudiced the opposing party).

Moreover, Garcia's absence has interfered with the judicial process despite the parties' continued efforts and the Court's intervention otherwise. *See, e.g.*, Docs. 79, 83, 110. Based on the current record, it appears Garcia is entirely culpable for her absence. She did not maintain contact

with her defense counsel nor respond to their multiple attempts to reach her, and she left her prior employment without providing accurate contact information. *See* Doc. 79 at 2. No other circumstances explain why she has disappeared. It has proved to be an impossible task to reach Garcia, let alone warn her that default judgment is a potential sanction for her inaction. As such, offering her a warning or constructing an alternative sanction would offer little remedy and prolong the case. Besides, "[n]otice is not a prerequisite for dismissal under *Ehrenhaus*." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007). And while alternative sanctions are available, their imposition would likely be fruitless. *See Ehrenhaus*, 965 F.2d at 920 (noting lesser sanctions are appropriate to "deter the errant party from further misconduct"). Garcia's lack of participation is an ongoing event, and this pattern will likely continue.

Based on the foregoing, the Court concludes that entering a default judgment against Garcia is the only sanction under Rule 37(b)(2)(A) that would remedy the prejudice to Laycock, vindicate the Court's interest in resolving this case, reprimand Garcia for her inaction, and deter future litigants from similar misconduct.

Ordinarily, the Court would conduct a hearing to determine the damages to be awarded or how to effectuate the judgment. *See* Fed. R. Civ. P. 55(b)(2). Yet, as the United States Supreme Court held, "when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985). This holding was extended to encompass "situations where multiple defendants have closely related defenses." *Wilcox v. Raintree Inns of Am., Inc.*, No. 94-1050, 76 F.3d 394, 1996 WL 48857, at *3 (10th Cir. Feb. 2, 1996). This is done "to avoid the possibility of inconsistent judgments or damages awards." *Chavez v. Morales*, No. 19-CV-0447,

2020 WL 4035179, at *5 (D.N.M. July 17, 2020). Such is the case here.[1] Three motions for summary judgment are pending before the Court—each relate to Defendants' liability. *See* Docs. 118, 119, 121. So, the Court will conduct a damages hearing under Rule 55(b) after the pending motions have been decided and Defendants' liability has been adjudicated. *See, e.g.*, *Tilga v. United States*, No. 14-cv-0256, 2015 WL 13667048, at *4 (D.N.M. Jan. 2, 2015).

## CONCLUSION

Pursuant to Rule 37(b)(2)(A)(vi), the Court concludes that default judgment is the appropriate sanction for Garcia's failure to timely respond to Laycock's discovery requests, obey the Court's Discovery Order, and otherwise participate in this litigation.

It is hereby ordered that Laycock's Motion for Default Judgment against Defendant Nicolette Garcia, Doc. 116, is **GRANTED**.

It is further ordered that, as detailed in a default judgment filed contemporaneously herewith, **DEFAULT JUDGMENT** shall be **ENTERED** against Defendant Nicolette Garcia pursuant to Rule 37(b)(2)(A)(iv) and Rule 55 of the Federal Rules of Civil Procedure.

It is further ordered that the Court will "conduct hearings or make referrals . . . to . . . determine the amount of damages" awardable to Laycock at a later date. Fed. R. Civ. P. 55(b)(2)(B)-(C).

SENIOR UNITED STATES DISTRICT JUDGE

[1] When Laycock asked for Defendants' their stance on the Motion, Defendants stated they did "not have a position." Doc. 116 at 1 n.1. So, Defendants effectively waived any argument on the issue. This could have been avoided. The District's Local Rules of Civil Procedure require movants to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Implicit in this language is the requirement that, once solicited, a party must state with clarity whether the motion is opposed or unopposed. Instead of abiding by this requirement, Defendants chose to take no position. Doc. 116 at 1 n.1.